William J. Florence, Esq. Corporation Counsel, City of Peekskill
You have asked whether the common council of your city may appoint a non-resident to the office of city court judge.
Section 3(1) of the Public Officers Law provides that to be eligible for a local office a person must be a resident of the political subdivision of the State for which he shall be chosen, or within which the electors electing him reside, or within which his official functions are required to be exercised. Thus, under this provision an appointed city officer must be a resident of the city at the time of his appointment and during his tenure in office (id., §§ 3 [1], 30 [1] [d]).
In our view, however, a city may enact a local law establishing the county as the residency required for the office of city judge. Local governments are authorized to adopt and amend local laws, consistent with the Constitution and general laws, in relation to the qualifications of their officers and employees (NY Const, Art IX, § 2[c][1]; Municipal Home Rule Law, § 10 [1] [ii] [a] [1]). Residency requirements are "qualifications" within the meaning of these provisions (1983 Op Atty Gen [Inf] 116). A general law is a State statute which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages (Municipal Home Rule Law, § 2[5]). The Legislature has amended section 3
of the Public Officers Law to establish a special residency requirement for the office of city court judge of the City of Hudson (Public Officers Law, § 3 [13]). In that city, a person is eligible for appointment to the position of city court judge if he resides in the county in which the city is located (ibid.).
This exception for the City of Hudson has rendered section 3 of the Public Officers Law, in its coverage of city court judges, a special rather than a general law (Municipal Home Rule Law § 2 [5], [12]). As a result of the amendment, section 3, in establishing a residency requirement for the office of city court judge does not in terms and in effect apply alike to all cities of the State. It follows that your city may enact a local law to establish the county as the residency requirement for the office of city court judge.
We note that a local legislative body may not enact a local law superseding a State statute if the local law "[a]pplies to or affects the courts as required or provided by article six of the constitution" (Municipal Home Rule Law, § 11 [1] [e]). Neither the Constitution nor the Judiciary Law establish residency requirements for city court judges (NY Const, Art VI, § 20 [a]). While precedent on this subject is lacking, in our view a local law amending the residency requirements in section 3 of the Public Officers Law does not apply to or affect the courts within the meaning of section 11 (1) (e) of the Municipal Home Rule Law. Section 3 establishes residency and other eligibility requirements for all public officers. It is not a particular provision governing the courts but a general provision governing public officers and bringing within its ambit officers of the courts. We believe that section 11 (1) (e) only restricts local laws dealing more directly with the courts.
We conclude that the legislative body of a city may enact a local law permitting a city court judge to reside in the county.